GReen, J.
delivered the opinion of the court.
The authority, by virtue of which this fee is claimed, is contained in the act of 1835,e. 25, § 3. Car. and Nich. 611, and is in these words: ‘‘The bond directed to be taken in the first section of the act, which this is intended to amend, shall be payable to the chairman of the county court and his successors, for the use and benefit of common schools, in the sum of five hundred dollars; and it shall be the duty of the clerk of the county court and the justices and constables of the district, to notify the attorney general of the district, of any violations of the condition of said bond, .or of this act, or that, which this is intended to amend, which may come to their knowledge, whose duty it shall be upon such information, to enforce the criminal laws in case of their violation, or the collection of the bond in the circuit court, for which the attorney general shall have a tax fee of twenty-five dollars, if collected from the defendant: the penalty, when recovered, shall be accounted for by the clerk of the circuit court as other common school funds.”
The only inquiry here is, for the prosecution of what description of cases is this tax fee given ? In this section it is made the duty of the clerks of the county courts and the con *396 stables to give information of any violations of the conditions of the bond, directed to be taken in the first section of the act, hr the act itself, or that which it was intended to amend. The phrase “act which this is intended to amend” evidently is the act of 1S31, because it is stated-in the caption to be an act to amend the get of 1831, and because in other places where this same phrase is used, it cgn only refer to the act of 1831. Thus, in the commencement of the section under consideration, it is directed that the “bond directed te be taken in the first section of the act, which this is intended to amend, shall be made payable to the chairman of the county court.” Now as the act of 1831, § 1, does direct a bond tp be taken, and the act of 1832, says nothing about a bond, it is manifest the act of 1831, is. here referred to. Thus too in the 4th section of this act, the clerk of the county court is required to set forth on oath the amount of money he may have re-, ceived “under the act which this is intended to amend.” By the act of 1831, the clerk, in issuing a license for retailing spi-ritous liquors, was required to receiye from the applicant fifteen dollars, and it is the money he may have received by virtue of this act, for which he is to account on oath.
The act further provides, that upon the information aforer said, it shall be the duty of the attorney general “to enforce the crimingl laws in case of their violation, or'the collection cf the bond,” &c. That is, he shall enforce the criminal laws contained in this act, and that which this is intended to amend, and he shall collect the bond in the circuit court, in case of the violation of its condition, and for these .services he shall have a fee of twenty^five dollars, provided it can be made out of the defendant. As the words “criminal laws,” must manifestly have some restriction, we think the expressions are only applicable to those laws, the violations of which, in the sentence immediately preceding this, it had been made the duty of “the clerks of the county courts and the justices and constables to give information” — and this ⅛ the more clear, because the act says, “whose duty it shall be upon such information, to enforce,” &c.
By the first section of this act, if the oath of the party obr taining a license to retail spirits be violated, or if that of a ta- *397 vcrn keeper, which is required to betaken by the second section of the act, be violated, the party so guilty, shall on conviction, be punished as in other cases of perjury, or if he shall sell spirits, ■ in violation of this act, or that of 1831 and 1832, on this subject, he shall be liable in the same manner as if he had no license.
For the prosecution of these offences and for collecting the bond, the twenty-five dollar tax fee is given. So far as the violation of the act of 1832 is provided for, that act is included in the expression in the third section “enforcement of the criminal laws.” But the provision in reference to that act., is restricted expressly to that part of it, which is the subject matter upon which the legislature were then speaking. They are speaking of offences by licensed retailers only, for they say, that upon a violation of his oath, and the condition of his bond, in addition to the other penalties, he shall be liable as though he had no license.
We are of opinion therefore, that the tax fee of twenty-five dollars to the attorney general, cannot properly be taxed against a party, who is convicted only of selling spirituous liquors without license. Let the judgment be reversed and the execution quashed.
Judgment reversed,